# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3086

_____

United States of America,

*Plaintiff - Appellee,*

v.

Steven A. Smith,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 11, 2016
Filed: May 13, 2016
[Unpublished]

_____

Before COLLOTON, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Steven Smith was convicted in Minnesota in 2007 of criminal sexual conduct in the second degree. Under the Sex Offender Registration and Notification Act ("SORNA"), Smith was required to register as a sex offender before his release from prison and to update his registration within three days after any change of residence. 42 U.S.C. § 16913. Smith initially registered at an address in Anoka County,

Minnesota, but law enforcement later discovered Smith living in Rogers, Arkansas, without having updated his registration.

A grand jury charged Smith with failure to update his sex-offender registration, in violation of 18 U.S.C. § 2250(a). Smith moved to dismiss the indictment, arguing that SORNA is unconstitutional. After the district court[*] denied the motion to dismiss, Smith entered a conditional plea of guilty, preserving his right to appeal the denial of his motion to dismiss. The district court accepted Smith's plea and sentenced him to twenty-four months' imprisonment. On appeal, Smith contends that SORNA exceeds the power of Congress under the Commerce Clause. We review *de novo* the denial of a motion to dismiss an indictment. *United States v. Janis*, 810 F.3d 595, 597 (8th Cir. 2016).

SORNA requires individuals convicted of certain sex offenses to maintain up-to-date registration with state governments for inclusion on state and federal sex-offender registries. 42 U.S.C. § 16913. Covered persons are required to register before their release from custody (or after sentencing, if their sentence does not include a term of incarceration), and must update their information within three days of any change of name, residence, employment, or student status. *Id.* Any person required to register under § 16913 who travels in interstate commerce and knowingly fails to update his registration faces criminal penalties of up to ten years' imprisonment. 18 U.S.C. § 2250(a).

Smith argues that both the registration requirement and the criminal penalties for failure to register exceed Congress's power under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3. Smith concedes, however, that circuit precedent forecloses this argument. In *United States v. May*, 535 F.3d 912, 921-22 (8th Cir. 2008), this

---

[*]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

court held that SORNA's criminal penalties are a valid exercise of the Commerce Clause, because § 2250(a)(2)(B) requires the government to prove that the defendant traveled in interstate commerce. The court also held in *United States v. Howell*, 552 F.3d 709 (8th Cir. 2009), that the registration requirement is a necessary and proper means of "track[ing] the interstate movement of sex offenders." *Id*. at 715-17. Smith argues that *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566 (2012), called *May* and *Howell* into question, but this court rejected an identical argument in *United States v. Anderson*, 771 F.3d 1064, 1067-71 (8th Cir. 2014). Accordingly, we affirm the district court's denial of the motion to dismiss the indictment.

———————————————